BUCKFIELD BRANCH RAILROAD CO. *versus* IRISH.

An agreement signed by defendant to *take* and *fill* one share in the capital stock of a railroad company, renders him liable, in an action of assumpsit, to pay the assessments legally made upon that share.

ON REPORT from *Nisi Prius*, WELLS, J., presiding.

ASSUMPSIT, for the amount of one hundred dollars, the alleged value of a share in plaintiffs' company, upon defendant's subscription to their capital stock.

This agreement was part of the case. " The undersigned hereby agree to take and fill the number of shares set against their names respectively, in the capital stock of the Buckfield Railroad Corporation."

The question submitted to the jury was, whether the defendant signed any such agreement, and they found that he signed for one share.

Plaintiffs proved their road to have been built and in operation, and that the defendant's share with others, was duly assessed to the amount of $100.

The case was submitted to the full Court to determine, if in law, the action could be maintained, and judgment to be rendered by nonsuit or default. If by default the amount of damages to be determined by either member of the Court.

*Walton*, for defendant, cited *Ken. & P. R. R. Co.* v. *Kendall*, 31 Maine, 470, and *Jay Bridge Cor.* v. *Woodman*, 31 Maine, 573.

*Ludden*, for plaintiff, cited *Bangor Bridge Company* v. *McMahon*, 1 Fairf. 478.

CUTTING, J. — The only question, for the consideration of the Court, appears, from the arguments submitted, to be upon the construction of the original contract entered into by the respective parties, which is in these words: — " The undersigned hereby agree to take and fill the number of shares set against their names respectively, in the capital stock of the Buckfield Railroad Corporation," &c., to which the

verdict finds, that the defendant was a subscriber to one share.

In the case of *Bangor Bridge Co.* v. *McMahon,* 10 Maine, 478, this Court have decided, that the term "to fill," in a similar contract, is equivalent to an express promise to pay assessments legally made upon the share represented. And we are not aware of any decision in this State, which overrules that opinion, and no sufficient argument has been adduced, which inclines us so to do. More especially since that term had received a legal construction, and in contemplation of law, must have been known to the defendant, when he became one of the subscribers. Consequently, according to the agreement of the parties, a default must be entered, and the defendant is to be heard in damages before either member of the Court.

SHEPLEY, C. J., and HOWARD, RICE and HATHAWAY, J. J., concurred.